UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NOLAN LOVETT, *et al.*, | : | Case No. 1:08-CV-1253 |
| | : | |
| **Plaintiffs,** | : | |
| | : | **JUDGE KATHLEEN M. O'MALLEY** |
| v. | : | |
| | : | |
| LEE LUCAS, *et al.*, | : | **ORDER OF SEVERANCE** |
| | : | |
| **Defendants.** | : | |

A Case Management Conference ("CMC") was held in this matter on **April 29, 2009**. At the CMC, the Court discussed the issue of misjoinder with the parties, and concluded that the Plaintiffs' cases should be severed. Accordingly, for the reasons set forth below and pursuant to the procedure described herein, the Court **ORDERS** the Plaintiffs' cases severed.

## I.  BACKGROUND

The Plaintiffs in this action and the plaintiffs in similar actions filed in the Northern District of Ohio[1] allege that they were wrongfully convicted of various crimes as a result of the Defendants' connection to law enforcement informant Jerrell Bray. (*See* Doc. 1, Complaint.) Although all of the Plaintiffs in this case have some connection to Bray, it is undisputed that the facts and circumstances of their involvement with him are unrelated.[2] Indeed, at the CMC, counsel for the Plaintiffs admitted

---

[1]  A number of similar lawsuits are pending against these Defendants in the Northern District of Ohio.  *See Lindsey v. City of Cleveland*, 04 CV 2239; *Webb v. United States*, 07 CV 3290; *Westerfield v. United States*, 07 CV 3518; *France v. Lucas*, 07 CV 3519; *Brown v. United States*, 07 CV 3750; *Davis v. City of Cleveland*, 08 CV 1183; *Douglas v. Lucas*, 08 CV 1757; *Price v. Lucas*, 09 CV 118.

[2]  Plaintiff Danielle Carter is an exception. Carter is Plaintiff Nolan Lovett's mother. Her claims are one step removed from Bray – she primarily alleges that

that the only reason these particular Plaintiffs are joined in this particular lawsuit is that each of these individual Plaintiffs approached him about filing a lawsuit against these Defendants at approximately the same time.

## II.     LAW & ANALYSIS

Rule 21 of the Federal Rules of Civil Procedure, which discusses misjoinder of parties, provides that a court, on motion or on its own, may "*at any time*, on just terms, add or drop a party" or "sever any claim against a party." Fed. R. Civ. P. 21 (emphasis added).  Application of the joinder rules in cases of potential misjoinder, moreover, is committed to a district court's sound discretion. *See, e.g.*, *Arista Records, LLC v. Does 1-11*, Case No. 07cv2828, 2008 WL 4823160, at *5 (N.D. Ohio Nov. 3, 2008) (citing *Brantley v. Cinergy Corp.*, No. 1:01-CV-378, 2007 U.S. Dist. LEXIS 62904, at *30 (S.D. Ohio Aug. 27, 2007) (citing *Michaels Building Co. v. Ameritrust Co.*, 848 F.2d 674, 682 (6th Cir. 1988))).

Pursuant to Fed. R. Civ. P. 20(a)(1), persons may be joined in one action as plaintiffs only if the following two requirements are met:

> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Here, the Plaintiffs admitted that they have not satisfied the first requirement of Rule 20(a)(1), *i.e.*, they have failed to show that the claims against Defendants arose out of the same transaction,

---

> certain Defendants violated her Fourth Amendment rights in connection with the search of her home intended to uncover evidence related to her son's involvement with Bray. Accordingly, her claims satisfy the Rule 20 standard for joinder and may be asserted in the same action as Lovett's, *i.e.*, the original action – 1:08-CV-1253.

2

occurrence, or series of transactions or occurrences.

The appropriate remedy for misjoinder under the Federal Rules of Civil Procedure is severance, not dismissal. *See* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party."); *Arista Records*, 2008 WL 4823160, at *2. Severance is appropriate in this case, because: (1) misjoinder can and should be addressed at this early stage of the proceedings; and (2) the Plaintiffs' Complaint improperly joins the Plaintiffs.

### III. CONCLUSION

For the foregoing reasons, the Court **SEVERS** the individual Plaintiffs' actions from this action. To implement the severance, the Court directs the Clerk's Office as follows. Upon receipt of an individual Complaint filed by Plaintiffs Johnny Robertson, Charles Matthews, Arrico Spires, Marlon Brooks, or Tyron Brown and marked as related to this case, the Clerk's Office shall:

(1) waive the filing fee;

(2) mark these newly filed cases as related to the original action – Case No. 1:08-CV-1253 – (giving each its own case number) and assign them to the undersigned District Judge; and

(3) copy and transfer all filings from the original action to each of the new cases.[3]

**IT IS SO ORDERED.**

**Dated: May 13, 2009**

*s/Kathleen M. O'Malley*
**KATHLEEN MCDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

---

[3] The original case number – 1:08-CV-1253 – will apply to Plaintiff Nolan Lovett and his mother, Plaintiff Danielle Carter.

3